UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHEN FLOYD ULLRICH,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE OF IDAHO, INC.<br><br>                    Defendants. | Case No. 1:26-cv-0021-DCN<br><br>**INITIAL REVIEW ORDER**<br>**BY SCREENING JUDGE** |

Plaintiff Stephen Ullrich has filed a prisoner civil rights lawsuit that is subject to the screening provisions of Title 28 U.S.C. § 1915. He asserts various Americans with Disabilities Act claims. In particular, he states that the Idaho Department of Correction (IDOC) is his guardian, because he is disabled. Therefore, he argues, the IDOC has the duty to provide Plaintiff with reasonable access to the courts and an adequate law library Dkt. 7.

### 1. Three Strikes Analysis

Plaintiff previously filed three actions that were deemed frivolous or malicious or that failed to state a claim upon which relief can be granted. Hence, he has been issued three strikes under 28 U.S.C. §1915(g) for these actions: *Ullrich v. Idaho*, Case no. 1:08-cv-00076-BLW (Dkt. 7, 8) (noting that, as of 2008, Plaintiff "had filed at least twenty-six (26) civil lawsuits in the District of Idaho involving the same allegations arising out of his

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

criminal conviction and alleged civil rights violations, and he has failed to prevail in any of them" and "[i]t is obvious from the number of complaints Plaintiff has filed while in the custody of the IDOC that he is unwilling to follow the Court's directives about filing repetitive lawsuits, and he is now flagrantly violating the Court's orders"); *Ullrich v. Canyon County*, Case no. 1:06-cv-00320-EJL (Dkts. 10, 11); and *Ullrich v. Prior*, Case No. 1:06-cv-00500-EJL (Dkt. 13, 14).

When a prisoner has accumulated three strikes, he is required to pay the filing fee of $405, because he is not permitted to proceed in forma pauperis. An exception exists for prisoners whose pleadings show that they are "under imminent danger of serious physical injury." 28 U.S.C.§ 1915(g). Plaintiff is familiar with this requirement, as he has been given this warning in other cases he has filed in federal court, such as *Ullrich v. Idaho Supreme Court*, Case no. 1:15-cv-00220-CWD; and *Ullrich v. Idaho State*, Case no. 1:15-cv-00119-EJL.

Plaintiff cannot proceed with this civil rights action as a pauper because he has not shown he is in imminent danger of serious physical injury. In fact, Plaintiff has adequate access to the courts, as demonstrated in this action, and can raise that issue whenever necessary.

Because Plaintiff has three strikes and has not met the exception to proceed with a civil rights action as a pauper, he must pay the filing fee of $405 if he desires to proceed.

### 2. Pre-Filing Review – Litigation Management Order Analysis

In addition, Plaintiff is subject to a pre-filing review order issued in Case no. 1:20-cv-00035-DCN, *Ullrich v. Idaho State Courts* (Case 35), which is intended to curb his

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

frivolous and repetitive filings. Case 35, Dkt. 2.[1] According to the "Litigation Management Order "in Case 35, before filing a complaint Plaintiff is required to file a "Request for Authorization for Filing" of no more than three pages that must state all of the following: the federal legal basis for the cause of action Plaintiff desires to bring, the defendants Plaintiff desires to sue, the facts supporting the cause of action, and the reason why it meets the "imminent danger of serious physical injury" requirement of 28 U.S.C.§ 1915(g). *Id.* Plaintiff has violated that Order by filing a 7-page document.  Plaintiff was specifically ordered not to file any more petitions or complaints that would be docketed as new cases, but to file any new "Authorization for Filing" in Case 35. Petitioner has also violated that provision of the Order.

Plaintiff was clearly instructed how to bring "imminent danger" lawsuits in the Litigation Management Order in Case 35, so that he was not left without a remedy for serious harms. Because Plaintiff has failed to articulate sufficient facts to proceed under the exception to the three strikes rule and because Plaintiff has not complied with the Litigation Management Order in Case 35, this case will be dismissed unless he pays the filing fee of $405 within 14 days after entry of this Order.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED.

2. Plaintiff's Motion for Appointment of Counsel (Dkt. 4) is DENIED.

---

[1] A pre-filing review Order also was issued in Case no. 17-80090 in the Ninth Circuit Court of Appeals.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

3.  This case will be dismissed without prejudice unless he pays the filing fee of $405 within 14 days after entry of this Order.

4.  Plaintiff shall file nothing further in this case until he pays the filing fee.

5.  If Plaintiff pays the filing fee, he must file a complaint of no more than 20 pages that specifically sets forth facts meeting the elements of an access to the courts claim. He has been provided with this standard of law in several of his past cases.

DATED: June 30, 2026

David C. Nye
U.S. District Court Judge