UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STEPHEN FLOYD ULLRICH,

Plaintiff,

vs.

STATE OF IDAHO, INC.,

Defendant.

Case No. 1:26-cv-00021-DCN

**SECOND REVIEW ORDER BY SCREENING JUDGE**

Plaintiff Stephen Ullrich filed a prisoner civil rights lawsuit subject to the screening provisions of Title 28 U.S.C. § 1915. He asserted various Americans with Disabilities Act claims, including that the Idaho Department of Correction (IDOC) is his guardian, because he is disabled. Therefore, he argues, the IDOC has the duty to provide Plaintiff with reasonable access to the courts and an adequate law library Dkt. 7.

The Court previously determined that Plaintiff could not proceed in forma pauperis and could not proceed on his Complaint. Dkt. 10. Plaintiff has since paid the filing fee. However, he has not followed the Court's instruction that, "[i]f Plaintiff pays the filing fee, he must file a complaint of no more than 20 pages that specifically sets forth facts meeting the elements of an access to the courts claim." Dkt. 10 at 4. Plaintiff will be given an extension of time to file his amended complaint.

In simplified terms, for each defendant, Plaintiff must include in his amended complaint, the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed. Plaintiff cannot state a large number of allegations and then list a large number of constitutional provisions and expect the Court to match them up. Rather, for each particular constitutional violation against each defendant, Plaintiff shall state the following: (1) the name of the person or entity that caused the alleged deprivation of his constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional provision Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met;[1] (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief he is seeking from each defendant. He should do the same for each defendant, in turn.

Similarly, Plaintiff's statutory claims must meet the elements of an Americans with Disabilities Act claim as set forth in that statute.

Any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces an original or previously-amended pleading, including all supplements.

[1] For example, Plaintiff must allege facts setting forth the elements of a First Amendment claim.

Under the First Amendment, prisoners have a right to access the courts for the purpose of filing of direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 346, 354 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412–15 (2002).

To state a forward-looking access to courts claims, the plaintiff must allege facts showing that a prison employee's action is presently denying the plaintiff an opportunity to litigate. *Id*. at 413. This type of claims does not mean that "the opportunity has … been lost for all time … but only in the short term." *Id*. A forward-looking claim is expressly for the purpose of plac[ing] the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id*. at 413.

To state a backward-looking access to courts claim alleging that a prisoner suffered the loss of a suit that cannot now be brought, a prisoner must allege facts supporting three elements: (1) official acts that frustrated the inmate's litigation; (2) loss of a "nonfrivolous" or "arguable" underlying claim that is set forth in the Complaint, including the level of detail necessary "as if it were being independently pursued"; and (3) specific allegations showing that remedy sought in the access to courts claim is not otherwise available in a suit that could be brought. *Id*. at 415-17.

A § 1983 access to the courts claim must be filed within two years of when it accrued to be timely, but if it implicates a criminal conviction or sentence, the rule is different. In that case, a plaintiff must consider whether *Heck v. Humphrey*, 512 U.S. 477 (1994),

renders a state prisoner's § 1983 claim premature. *Heck* bars a civil rights claim if its success "would necessarily imply the invalidity of [a] conviction or sentence." *Id*. at 487. Before a plaintiff can bring a civil rights claim that would imply the invalidity of a conviction or sentence, the plaintiff must show that the conviction or sentence previously was invalidated in a procedurally proper action, such as a direct appeal, state post-conviction matter, or federal habeas corpus case. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). If the invalidation pre-requisite is not met, the civil rights claim is not ripe.[2]

**ORDER**

**IT IS ORDERED:**

1. Plaintiff shall file an amended complaint, consistent with the instructions above, within 14 days after entry of this Order. This case will be dismissed without prejudice if he fails to comply with this Order.
2. Plaintiff's Motion for Compliance (Dkt 13) is DENIED.

DATED: September 23, 2026

David C. Nye
U.S. District Court Judge

[2] The statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction does not begin to run until the conviction is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck*, 512 U.S. at 489; *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000).